UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAHCIEF COLLIER,

                Petitioner,

  v.
                                                9:18-CV-1104
                                                (DNH)
SUPERINTENDENT,

                Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

RAHCIEF COLLIER
12-A-5600
Petitioner, Pro Se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On September 14, 2018, petitioner Rahcief Collier ("Collier" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1, Petition; Dkt. No. 2, IFP Application.

On September 17, 2018, the Court administratively closed the action because it had not been properly commenced. In particular, Collier had failed to either (1) pay the statutory filing fee or (2) file a properly certified in forma pauperis ("IFP") application. Dkt. No. 3.

On October 22, 2018, Collier filed a letter enclosing several statements from his prisoner trust fund account and the case was reopened. Dkt. No. 4; Dkt. No. 5, Text Order

dated 10/22/18.

For the reasons that follow, Collier's petition is deemed to be a successive petition for a writ of habeas corpus and will be transferred to the United States Court of Appeals for the Second Circuit.[1]

## II. DISCUSSION

At the outset, Collier's IFP application is granted for purposes of the present filing. However, for the reasons that follow, this action must be transferred to the United States Court of Appeals for the Second Circuit for consideration in the first instance.

### A. Petitioner's Prior Habeas Petition

On January 4, 2016, Collier filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an alleged undue delay in the appellate process subsequent to his 2012 judgment of conviction in Rensselaer County, upon a jury verdict, of first degree assault, four counts of first degree robbery, two counts of attempted first degree robbery, and first and second degree criminal use of a firearm. *Collier v. Uhler et al.*, No. 9:16-CV-0001 (LEK), Dkt. No. 1, Petition; *accord Collier v. Uhler*, No. 9:16-CV-0001 (LEK), 2016 WL 6072402, at *1 (N.D.N.Y. Oct. 17, 2016).

In his petition, "[p]etitioner argue[d] that undue delay in the appellate process violated his rights to due process, equal protection, and effective assistance of appellate counsel," seeking "unconditional release from custody as a result of the appellate delay or, if his [p]etition is denied, for an order granting a certificate of appealability and bail pending the

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

resolution of his appeal." *Collier*, 2016 WL 6072402, at *1.[2] This Court denied and dismissed that petition. *Id.*, 2016 WL 6072402, at *1, 5.

In doing so, the *Collier* habeas decision went through the history of Collier's direct and collateral attacks to his state court conviction, where he alleged that his conviction should be vacated due to: (1) insufficient evidence; (2) prosecutorial misconduct; and (3) a harsh and excessive sentence. *Collier*, 2016 WL 6072402 at *1-2. The 2016 decision also noted the supplemental brief petitioner filed during his direct appeal, contending the police lacked probable cause to arrest him and that his testimony should have been excluded. *Id.* at *2.

In sum, Collier's first writ was denied because: (1) "[b]ased on the record, at least some of the delay may have been attributable to the choices made by Petitioner himself," (*Id.*, 2016 WL 6072402, at *3); (2) "[t]he total delay caused by replacing petitioner's counsel, approximately ten months, was far less than delays found to violate a [criminal] defendant's rights," (*Id.*, 2016 WL 6072402, at *4); (3) "[p]etitioner . . . failed to establish that he suffered prejudice as a direct result of the delay in his appeal," (*Id.*) (4) petitioner failed to "allege[] any facts suggesting disparate treatment as compared to other, similarly situated [criminal] defendants appealing their convictions," (*Id.*); and (5) "[p]etitioner has not 'demonstrated that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective" (*Id.*, 2016 WL 6072402, at *5).

## B. **The Present Petition**

Collier's present petition challenges the same 2012 judgment of conviction in Rensselaer County, upon a jury verdict, of first degree assault, four counts of first degree

---

[2] Petitioner's appellate counsel changed in the midst of his appeals, which gave rise to petitioner's first petition. *Id.*, 2016 WL 6072402, at *2.

robbery, two counts of second degree attempted robbery, and first and second degree criminal use of a firearm. Pet. at 1. Petitioner identifies several methods he utilized to attack his criminal conviction, namely filing his direct appeal as well as "six [other] 440 motions concerning the judgment of conviction . . . ." *Id.* at 2.

Collier contends that he is entitled to habeas relief because: (1) the conviction is against the weight of the evidence (Pet. at 2-3); (2) prosecutorial misconduct denied him a fair trial (*Id.* at 3-4); (3) the sentence is harsh and excessive (*Id.* at 4-5); (4) petitioner was subjected to an illegal search and seizure (*Id.* at 5); and (5) petitioner's counsel was ineffective for "fail[ing] to pursue the nature of petitioner's warrantless arrest and interview [(*Id.* at 6).]." For a more complete statement of petitioner's claims, reference is made to the petition.

### C. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

4

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Upon review, Collier's current submission is another attack on his 2012 Rensselaer County judgment of assault, robbery, attempted robbery, and criminal use of a firearm. The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. *Compare* Pet. at 1-2 *with Collier v. Uhler et al.*, No. 9:16-CV-0001 (LEK), Dkt. No. 1, Petition.

Collier's first petition was dismissed on the merits in 2016. *Collier*, 2016 WL 6072404, at *3-5. Moreover, petitioner presently makes claims which arise out of events that occurred during, or even prior to, his criminal trial in that case. While petitioner's first habeas petition substantively focused on the appellate process and his right to a speedy trial, as opposed to

5

the elements of his conviction, petitioner's present petition raises identical arguments to those proffered on direct appeal and discussed in the Court's prior decision and order dismissing petitioner's first habeas petition. *Collier*, 2016 WL 6072404, at *2 (discussing three grounds appellate counsel raised on appeal – insufficient evidence to support the conviction, prosecutorial misconduct during trial, and a harsh and excessive sentence – which were augmented by an additional two grounds raised by petitioner in a supplemental pro se brief – arrest unsupported by probable cause and improper admission of petitioner's testimony).

In other words, these arguments were not only available to Colliers at the time he filed his first habeas petition, but he was also fully aware of these arguments because he had already advanced them in his direct appeal. There is no basis for concluding that this relief could not have been previously asserted in his prior petition since these claims also involve the testimony and evidence presented at his trial.

As district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, Collier's petition is transferred to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

### III. **CONCLUSION**

Therefore, it is

ORDERED that

1. The Clerk of the Court terminate the named respondent and substitute the proper superintendent;

6

2. Petitioner's IFP application (Dkt. No. 2) is **GRANTED**;

3. The Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and

4. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: October 25, 2018
Utica, New York.

United States District Judge